IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL STANLEY,<br>Plaintiff, | : | CIVIL NO. 1:CV-12-0123 |
| | : | (Chief Judge Kane) |
| v. | : | |
| UNITED STATES OF AMERICA, et al.,<br>Defendants | : | |

## MEMORANDUM

Darnell Stanley ("Stanley"), an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331. Named as Defendants are sixty-eight (68) Defendants, including Federal Bureau of Prisons officials and numerous employees at the FCI-Allenwood. (Doc. No. 1, Compl.) Along with the complaint, Stanley filed motions to proceed in forma pauperis in this matter.[1] (Doc. Nos. 2, 9.) In the complaint he sets forth claims including the denial of medical and dental care, retaliation and assault. Also appearing on the docket are motions filed by Stanley seeking the appointment of counsel in this case (Doc. No. 3) and for clarification of the Administrative Order issued by the Clerk of Court with respect to the payment of the filing fee in this matter (Doc. No. 10). On July 10, 2012, Stanley also filed a motion labeled as a "motion for leave to supplement the complaint" (Doc. No. 20). In reviewing the motion, it is actually a request to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). For the reasons that follow, Stanley's request for the appointment of counsel will be denied without prejudice, and

---

[1] Stanley completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued (Doc. No. 10), directing the Warden at FCI-Allenwood to commence deducting the full filing fee from Stanley's prison trust fund account. As such, his motions to proceed in forma pauperis will be granted.

his motion to file an amended complaint will be granted. In addition, Stanley's motion for clarification of the Administrative Order will be granted to the extent that the Court will explain the terms of the Administrative Order to him.

**I.      Motion for Appointment of Counsel**

In moving for the appointment of counsel Stanley argues that: (1) his case involves complex legal issues that will require much discovery and expert testimony; (2) he is greatly limited in litigating the case due to his incarceration; (3) he has limited access to the law library and limited knowledge of the law; (4) he only has a high school education; and (5) the case will involve conflicting testimony. (Doc. No. 3-1.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. In the instant case, Stanley's motion to

2

file an amended complaint will be granted. However, for purposes of analyzing his motion for counsel, the Court will assume that his case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. In reviewing the documents submitted thus far, Stanley is obviously literate and clearly able to litigate this action on his own. In addition, he has demonstrated the ability to file clear, coherent motions and has cited to relevant legal authority therein. This clearly implies that he has access to legal resources, and the ability to understand and present relevant legal authority, even though he may not have the ability to visit the law library as often as he chooses. Any concerns with respect to discovery and trial preparation is premature at this procedural juncture. It cannot be said, at least at this point, that Stanley will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Stanley's apparent ability to litigate this action,

3

weigh against the appointment of counsel. His pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion.

**II.     Motion to Amend Complaint**

Also pending is Stanley's request to amend his complaint to include additional claims in this matter. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within either 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. See Fed. R. Civ. P. 15(a)(a). In the instant case, service of the complaint has not yet been directed. As such, Stanley may file an amended complaint as of right under Rule 15(a)(1). An amended complaint may be filed within twenty (20) days from the date of this order. Stanley is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

**III.    Motion for Clarification of the Administrative Order**

Stanley has also filed a motion requesting clarification by the Court of the Administrative Order issued in this case which both directs the warden at his present place of confinement to remit the filing fee to this Court and instructs the warden how to do so. (Doc. No. 10.) In seeking clarification of this order, Stanley does not appear to dispute the amount of initial partial payment submitted by the prison to the Court and how the initial amount of said payment was calculated. Rather, he questions the method by which the prison calculates the monthly

installment payments withdrawn from his account thereafter, and the fact that at times the prison withholds monies from his account toward the monthly installment payment prior to its submission to the Court.

A review of the language of the Administrative Order along with the history of the monthly payments remitted thus far by the prison reveal demonstrate that no errors are being made on the part of the prison. The Administrative Order specifically provides as follows:

> After the initial payment, if there remains any unpaid fee due and owing the Court, the Superintendent/Warden in any institution where the inmate is incarcerated is required by law to set aside and remit on a monthly basis 20 percent of the preceding month's deposits credited to the prisoner's account until the filing fee has been paid in full. <u>Each time a deposit is made to the inmate's account, the Superintendent/Warden shall set aside the deposit immediately before any disbursement is made by the inmate, until an amount equal to 20 percent of the previous month's deposits is obtained. When the 20 percent amount is obtained, it shall be transmitted n one monthly payment to the Clerk.</u>

(Doc. No. 10, Administrative Order)(emphasis added). As such, the Administrative Order clearly authorizes the prison to "set aside" or hold monies that are deposited into an inmate's account until the total monthly installment amount (20% of the previous month's deposits) is reached. In the instant case, the prison is abiding by the terms of the Administrative Order. An appropriate order follows.

5