**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARNELL STANLEY,** | : | **CIVIL NO. 1:CV-12-0123** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA, et al.,** | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

Darnell Stanley ("Stanley") filed this civil rights action pursuant to 28 U.S.C. § 1331 while confined as an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), Pennsylvania.  He has since been released from prison.  This matter comes before the Court on Stanley's combined "Motion to Dismiss the Supplemental Complaint" and second motion seeking the appointment of counsel (Doc. No. 36/37).  After carefully considering the motions, they will be denied and Stanley provided with one final opportunity to submit a proper amended complaint in this action.

**I.      Background**

In Stanley's original complaint he named sixty-nine (69) Defendants, including Federal Bureau of Prisons officials and numerous employees at FCI-Allenwood.  (Doc. No. 1, Compl.) He set forth many claims including the denial of medical and dental care, assault and retaliation. Thereafter, Stanley filed a motion seeking leave to supplement his complaint.  In reviewing the motion, it was clear he was seeking to amend his original complaint pursuant to Federal Rule of Civil Procedure 15(a).  The motion was construed as such, and Stanley granted leave to file an

amended complaint.  (Doc. No. 22.)  On September 28, 2012, an amended complaint was filed.[1]

(Doc. No. 28.)  On April 22, 2013, an order was issued wherein the Court refused to accept this

filing as a proper amended complaint, and directed Stanley to file a new amended complaint

within twenty (20) days.  (Doc. No. 35.)  Stanley's filing was rejected in that it was not a new

pleading which stood by itself, but rather referred back to the original complaint.  In fact, it was

clear he wished the Court to read the original complaint and the submitted amended complaint as

one document.

To date, Stanley has not filed a proper amended complaint.  Rather, he has filed a

combined "Motion to Dismiss the Supplemental Complaint" wherein he seeks to proceed on his

original complaint, and a second motion for the appointment of counsel (Doc. No. 36/37).

## II.     Discussion

### A.     Second Request for Appointment of Counsel

Stanley has filed his second motion seeking the appointment of counsel in this matter.

The first motion was filed and denied while he was still incarcerated.  (Doc. No. 23.)  In the

pending motion, he requests counsel because he does not understand how to file a proper

amended complaint and because he claims to suffer from depression, PTSD and bipolar disorder.

(Doc. No. 36/37 at 3.)

There is neither a constitutional nor statutory right to counsel for civil litigants.

Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002).  Congress has granted district courts

the discretion to "request an attorney to represent any person unable to afford counsel."  28

---

[1]  The document submitted by Stanley was labeled "Supplemental Complaint."  However, it was construed by the Court as his amended complaint in response to the earlier Memorandum and Order allowing the filing of an amended complaint.

U.S.C. § 1915(e)(1) (Noting that appointment of counsel pursuant to § 195(e)(1) is

"discretionary").  A court's discretionary authority to appoint an attorney to represent a civil

litigant (prisoner or non-incarcerated individual) only comes into play when the party is

proceeding within the terms of 28 U.S.C. § 1915, *Proceedings In Forma Pauperis*, which

necessarily implies the litigant's indigent status, and is made on a case-by-case basis.  Tabron v.

Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

In Tabron, the United States Court of Appeals outlined the standards to be considered by

district courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. §

1915(e)(1).  The initial determination to be made by the court in evaluating the expenditure of

the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some

arguable merit in fact and law."  Tabron, 6 F.3d at 156-57.  Next, if plaintiff's claims meet this

threshold review, other non-exclusive factors to be examined are:

1.  the plaintiff's ability to present his or her own case;
2.  the difficulty of the particular legal issues;
3.  the degree to which factual investigation will be necessary and
    the ability of the plaintiff to pursue investigation;
4.  the extent to which a case is likely to turn on credibility
    determinations;
5.  whether the case will require testimony from expert witnesses;
6.  the plaintiff's capacity to retain counsel on his or her own
    behalf;

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997)(citing Tabron v. Grace, 6 F.3d 147, 155-57

(3d Cir. 1993)).  After examining the above factors, the Court will deny Stanley's second request

for the appointment of counsel without prejudice.

This case is in its procedural infancy.  Stanley has not yet filed an appropriate amended

complaint.  As such, the Court is unable to fully assess the threshold question of the arguable

3

factual and legal merit of Stanley's claims for the purpose of appointing him counsel.  However, it is clear that Stanley is literate and that he is clearly able to litigate this action on his own.  He has demonstrated the ability to file coherent motions and has cited to relevant legal authority therein.

To the extent that Stanley's request for counsel may be based on the fact of his indigent status, this fact does not support the appointment of counsel in light of the fact that Stanley has now been released from prison, and may be in more of a position to obtain counsel on his own. He is required to do more than simply assert that he can not afford legal counsel now that he has been released and demonstrate to the Court that he has no job or a steady source of income prior to any weight being given to this factor pursuant to 28 U.S.C. § 1915(e)(1).

As for Stanley's assertion that his mental health issues prevent him from presenting his case, as noted above, Stanley has thus far demonstrated his ability to litigate this action.  Further, there is no evidence offered to suggest that his alleged mental health problems are impacting his ability to represent himself at this point.

Accordingly, Stanley has not demonstrated that he will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own at this point.  For these reasons, his pending motion for counsel will be denied.

### B.      Motion to Dismiss the "Supplemental Complaint"

Prior to directing service of the original complaint, Stanley sought leave to file a "supplemental complaint."  In reviewing his request, it was clear he sought to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a).  On August 16, 2012, his motion was construed as such, and Stanley was afforded twenty (20) days to submit an amended

complaint.  He was advised that any amended complaint must be complete in all respects and be

a new pleading that stands by itself without reference to the original complaint.  (Doc. No. 22.)

Thereafter, Stanley filed a document entitled "Supplemental Complaint" that he apparently

intended to serve as his amended complaint.  (Doc. No. 27.)  This filing was construed as the

amended complaint, but rejected by the Court in that Stanley attempted to rely on this filing in

conjunction with various paragraphs of his original complaint.  An order was issued on April 22,

2013 advising Stanley of the deficiencies of the amended complaint as submitted, and affording

him time to file a proper amended complaint as previously instructed in the August 16, 2012

Memorandum and Order.   No further amended complaint has ever been filed.

Presently pending is a request by Stanley to disregard all previous requests to file an

amended complaint and to proceed on his original complaint.  For the following reasons, this

request will be denied, and Stanley provided one final opportunity to submit a proper amended

complaint in this action.

     1.     Allegations in original complaint

Even if the Court were to proceed on Stanley's original complaint, obligatory preliminary

screening reveals that the complaint contains deficiencies which preclude service in its present

form.[2]  Consequently, Stanley would be directed to file an amended complaint in any event.

---

    [2] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that - (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted; or (iii) seeks
> monetary relief against a defendant who is immune from such
> relief.

In the original complaint as filed, Stanley names sixty-nine (69) Defendants which include Bureau of Prisons ("BOP") officials and employees at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), Pennsylvania.  He asserts a myriad of claims occurring over a nine (9) year period beginning in 2002 including the denial of medical, dental, mental health and eye care, excessive force, retaliation, sexual harassment, denial of due process during the course of disciplinary proceedings, and the denial of First Amendment religious rights.  It is apparent in reviewing the complaint that many of the issues raised involve completely separate incidents and different defendants.  The complaint is also peppered with claims not associated with any particular defendant and/or that lack details with respect to when the alleged unconstitutional conduct occurred.[3]

2.      Screening of Original Complaint

Fed. R. Civ. P. 8(e) states, in pertinent part, that "[e]ach averment of a pleading shall be simple, concise and direct."  Fed. R. Civ. P. 20 addresses the permissive joinder of parties and states, in pertinent part, as follows:

> (a)(2)  **Defendants.**  Persons–as well as a vessel, cargo, or other property subject to admiralty process in rem–may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

---

[3]  It is also apparent from the face of the complaint that many of Stanley's claims may be barred by the applicable two-year statute of limitations.  See Howard v. Mendez, 304 F. Supp. 2d 632 (M.D. Pa. 2004)(Pennsylvania two-year limitations period for personal injury actions is applicable to Bivens claims.)

Fed. R. Civ. P. 20(a)(2).  Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact."  7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986).  "Permissive joinder is not, however, applicable in all cases.  The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrences; and (2) some question of law or fact common to all the parties must arise in the action."  Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

        As submitted, it is clear that Stanley's original complaint is in violation of both Rules 8 and 20.  He fails to associate each named Defendant with the alleged conduct they engaged in which violated his rights under the Constitution.  He also asserts claims that appear to be completely unrelated, and that do not arise out of the same transaction or occurrence or series of transactions or occurrences.  Moreover, it does not appear that the claims all involve an issue of law or fact common to all defendants.   While some of the incidents set forth in the complaint are related, others clearly are not.

        Based on the foregoing, it is clear that granting Stanley's request to proceed on the original complaint in an effort to avoid submitting an amended complaint is futile.  The original complaint has numerous procedural deficiencies and requires the filing of an amended complaint.  As such, Stanley will be granted one final opportunity to file a proper amended complaint in this action attempting to state actionable § 1331 claims against a properly named

defendant or defendants in accordance with the above principles.  He will be afforded twenty (20) days within which to do so.  In preparing an amended complaint, he is again cautioned that he must comply with Federal Rule of Civil Procedure 8, and set forth at least a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed him.  The "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  An appropriate order follows.