**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARNELL STANLEY,** | : | **CIVIL NO. 1:CV-12-0123** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

This civil rights action filed by Plaintiff Darnell Stanley pursuant to 28 U.S.C. § 1331. Due to Plaintiff's failure to file a proper amended complaint as directed on March 11, 2014 (Doc. No. 40), this action will be dismissed pursuant to Fed. R. Civ. P. 41(b).

**I.    Procedural Background**

At the time he commenced this action, Plaintiff was an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood), Pennsylvania. He is no longer in custody.[1] In the original complaint, he names sixty-eight (68) Defendants, including the Federal Bureau of Prisons officials and numerous FCI-Allenwood employees.  He sets forth claims including the denial of medical and dental care, retaliation and assault.  Prior to service of the complaint, Plaintiff informed the Court that he wished to file an amended complaint.  Following an enlargement of time, a document entitled "Supplemental Complaint" was filed by Plaintiff on September 28, 2012.  (Doc. No. 27.)  On April 22, 2013, the Court found that Plaintiff's filing

---

[1] According to the Bureau of Prisons website, Plaintiff was released from prison on February 26, 2013.  See www.bop.gov.  On April 22, 2013, Plaintiff notified the Court that he was now residing at a private address located in Washington, D.C.  (Doc. No. 34.)  On July 5, 2013, he provided an updated Washington, D.C. address. (Doc. No. 38.)  This is the last correspondence the Court received from him.

was not in compliance with the directive of August 16, 2012, and rejecting it as the amended complaint.[2] (Doc. No. 35.) He was provided twenty (20) days within which to submit a proper amended complaint in accordance with the decision of August 16, 2012.

Plaintiff did not comply within the prescribed time. Instead, Plaintiff filed a motion asking the court to disregard all previous requests to file an amended complaint and allow him to proceed on his original complaint. On March 11, 2014, his motion was denied, and he was afforded one final opportunity to file a proper amended complaint within twenty (20) days.[3] (Doc. No. 39.) He was warned that his failure to comply would result in the dismissal of his case for failure to prosecute. See Link v. Wabash RR. Co., 370 U.S. 626, 630-31 (1962)(interpreting Federal Rule of Civil Procedure 41(b) as permitting sua sponte dismissal by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Since the issuance of this directive, Plaintiff has failed to file his amended complaint or request an enlargement of time within which to do so. For the reasons that follow, the amended complaint will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

**II.     Discussion**

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily

---

[2] Plaintiff's submission did not stand by itself without reference to the original complaint. His paragraphs were numbered 1, followed by 10, and then were numbered 14-17, 20, 24, 66, 171, 142, 173 and 174.

[3] In the original complaint he set forth a myriad of claims occurring over a nine (9) year period beginning in 2002, including the denial of medical, dental, mental health and eye care, excessive force, retaliation, denial of due process and denial of religious rights. Many of the issues involved unrelated incidents and different defendants. As such, the original complaint was in violation of Fed. R. Civ. P. 8 and 20, and granting Plaintiff's request to proceed on the original complaint to avoid submitting an amended complaint would be futile.

dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits sua sponte dismissals by the court. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988)(same). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 630-31; see also Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002); Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998)("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b).")

In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Ware, 322 F.3d at 221; see also Adams v. Trustees of

N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-78 (3d Cir. 1994)(applying Poulis factors to dismissal under Rule 41(b)). The Court of Appeals for the Third Circuit has recognized that "not all of the Poulis factors need be satisfied in order to dismiss a complaint. See C.T. Bedwell & Sons, Inc. v. Int'l. Fid. Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id. Consistent with this view, it is well-settled that no single Poulis factor is dispositive, see Ware, 322 F.3d at 222. A careful assessment of the Poulis factors in this case weighs heavily in favor of dismissing this action.

**A.     Analysis of Poulis Factors**

    1. The extent of the party's personal responsibility

A consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the plaintiff. A pro se plaintiff is responsible for his failure to comply with a court's orders. Emerson, 296 F.3d at 191. When Plaintiff first filed this action, a Standing Practice Order was issued advising him of his briefing and litigation responsibilities. (Doc. No. 6.) He has repeatedly failed to abide by court orders and neglected to litigate this case by submitting a proper amended complaint. On August 16, 2012, Plaintiff was first granted the opportunity to file an amended complaint. An amended complaint submitted on September 28, 2012 was rejected by the Court as improper. On April 22, 2013, he was given a second opportunity to submit a proper amended complaint and has failed to do so. On March 11, 2014, the Court issued an order directing Plaintiff to submit his amended complaint within twenty (20) days and warning him that his failure to do so would result in the dismissal of his action for failure to prosecute and comply with a court order

pursuant to Fed. R. Civ. P. 41. (Doc. No. 40.) He has failed to do so.

    2. Prejudice to adversary

Similarly, the second Poulis factor - the prejudice to the adversary caused by the failure to abide by court orders - also calls for the dismissal of this action. As the Third Circuit has observed, this factor is entitled to great weight and careful consideration:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994)(internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted) .... However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe v. Klaus, 538 F.3d at 259-60.

In the instant case, Plaintiff's failure to litigate this action or comply with court orders now wholly frustrates and delays resolution of this action. The Defendants are prejudiced by Plaintiff's continuing failure to file a proper amended complaint, and dismissal of the case clearly rests in the discretion of this Court. See Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007)(failure to file amended complaint prejudices defense and compels dismissal). Service of a complaint has not even been directed in this action.

    3. History of dilatoriness

The third Poulis factor focuses on the history of dilatoriness on Plaintiff's part. In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response ..., or consistent tardiness in complying with court

orders.'  Adams, 29 F.3d at 874."  Briscoe, 538 F.3d at 260-61.  Here, the Court has afforded Plaintiff more than one opportunity to file a proper amended complaint in compliance with Federal Rules of Civil Procedure 8 and 20, and he has failed to do so.  It has been six (6) months since the Court's order directing Plaintiff to submit an amended complaint.  He has neither submitted his amended complaint, nor requested an enlargement of time within which to do so.

      4.  Willfulness or bad faith

The fourth Poulis factor - whether the conduct of the party or the attorney was willful or in bad faith - also does not weigh in Plaintiff's favor for the following reasons.  Under the circumstances of this case, the Court must assess whether Plaintiff's conduct reflects mere inadvertence or willful conduct, in that it involves "strategic," "intentional or self-serving behavior," and not mere negligence.  See Adams, 29 F.3d at 875.  At this point in the case, Plaintiff has failed to comply with the Court's instructions directing him to take specific actions in this case and advising him how to do so.  The Court is thus compelled to conclude that his actions are not accidental or inadvertent, but rather reflect an intentional disregard for the Court's directives and this case.

      5.  Effectiveness of sanctions other than dismissal

The effectiveness of sanctions other than dismissal is the fifth Poulis factor to be considered.  However, where a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, as is the case here, it has been found that no alternative sanctions exist because monetary sanctions, including attorney's fees, "would not be an effective alternative."  Emerson, 296 F.3d at 191; see also Briscoe, 538 F.3d at 262-63.  Under the instant circumstances where the Court is faced with the complete lack of cooperation on the part of the individual who

brought the action, the only appropriate sanction is dismissal. Otherwise the case would linger indefinitely on the Court's docket. The instant case presents a scenario where Plaintiff's pro se status greatly limits the Court's ability to utilize other lesser sanctions to ensure that this action progresses in an orderly fashion. Thus far, the Court has issued orders advising Plaintiff on his obligations in this case, but to no avail. He still declines to follow the orders. Since lesser sanctions have been attempted and have been unsuccessful, only the sanction of dismissal remains available to the Court.

      6. Meritoriousness of the claim

      Finally, under Poulis we are required to consider the meritoriousness of Plaintiff's claims. Because Plaintiff has been non-compliant with his obligations as a litigant and refuses to submit an amended complaint setting forth the merits of his claims, his failure to do so cannot be used as a grounds for denying a sanction of dismissal. In addition, Plaintiff sets forth allegations of numerous incidents occurring over the span of 9 years beginning in 2002. Clearly, many of these claims are barred by the applicable statute of limitations. See Howard v. Mendez, 304 F. Supp. 2d 632 (M.D. Pa. 2004)(Pennsylvania two-year limitations period for personal injury actions is applicable to Bivens claims.) In addition, many of the claims asserted are not associated with a particular defendant. His claims include the denial of medical, dental, mental health and eye care, excessive force, retaliation, sexual harassment, denial of due process and the denial of his First Amendment religious rights. Many of these claims involve separate incidents against different defendants. The untested merits of these claims that Plaintiff has failed to properly amend, despite ample opportunity to do so, cannot prevent the imposition of sanctions.

**B.**     **Balancing of Poulis factors**

Based on the foregoing, the Poulis factors counsel in favor of dismissal. In this situation, where a pro se plaintiff fails to timely submit a proper amended complaint, it is well within the Court's discretion to dismiss the complaint with prejudice given the plaintiff's failure to comply with Court directives. This course was endorsed by the Third Circuit Court of Appeals in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). The Court observed that:

> The District Court ... allowed [the pro se plaintiff] twenty days in which to file an amended complaint. [The pro se plaintiff] failed to do so. Because [the pro se plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the pro se plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir. 1996). The District Court expressly warned [the pro se plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir. 1994)).

Pruden, 252 F. App'x at 438.

For these reasons, in this case where Plaintiff has failed to comply with Court orders, and has failed to amend his deficient complaint despite being ordered to do so, the complaint will be dismissed for failure to prosecute without further leave to amend. An appropriate order follows.